# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
## CASE No. _____

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, <br>            Plaintiff, <br><br>            v. <br><br> WINFIELD SMITH, individually, <br> MICHALE MARABLE, SR., individually, and <br> BENJAMIN R. WARRICK, in his capacity as <br> Administrator of the Estate of Barbara Ann Smith, <br><br>            Defendants. | **COMPLAINT** |

Pursuant to 28 U.S.C. § 1335, Plaintiff Primerica Life Insurance Company pleads as follows:

## PARTIES, JURISDICTION, and VENUE

1. Primerica Life Insurance Company ("Primerica") is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business in Duluth, Georgia.

2. Upon information and belief, Defendant Winfield Smith is a citizen and resident of Duplin County, North Carolina. He was the primary insured under and the owner of Primerica's Policy No. 0491256409 (the "Policy"). He also was the husband of Barbara Ann Smith (the "Insured"), whose life was insured under a Spouse Term Insurance Rider to the Policy in the amount of $100,000 ("Spouse Rider"), and the primary beneficiary of her coverage under the Spouse Rider.

3. Upon information and belief, Defendant Michale Marable, Sr. is a citizen and resident of Sampson County and is the Insured's son.

4. Upon information and belief, Defendant Benjamin R. Warrick is a citizen and resident of North Carolina and is the public administrator for Sampson County, North Carolina. He filed an Application for Letters of Administration ("Application") to open the Insured's estate and has duly qualified to administer the Estate of Barbara Ann Smith and is sued in his capacity as administrator of the Estate of Barbara Ann Smith. (*See* Sampson County Estate File No. 21-E-94).

5. The contingent beneficiary of the Spouse Rider is the Insured's estate.

6. Defendant Smith claims that he is entitled to payment of the $100,000 death benefit under the Spouse Rider (the "Benefit").

7. Defendant Marable also has claimed that he is entitled to payment of the Benefit.

8. The claims of Defendant Smith and Defendant Marable are adverse to each other, and also are adverse to any claim to the Benefit by the Insured's estate.

**9.** This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because the total amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and the Defendants.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## BASIS FOR RELIEF

11. The Policy was issued on December 15, 2018. A true and correct copy of the Policy is attached hereto as <u>Exhibit A</u>.

12. The Insured died on February 15, 2019, after being stabbed in her home.

**13.** Winfield Smith is the primary beneficiary of the Spouse Rider coverage.

14. On or about March 4, 2019, Michale Marable, Sr. submitted a claim to Primerica for payment of the Benefit.

15. On or about February 22, 2019, Winfield Smith was charged with murder in connection with the Insured's death.

16. Should Winfield Smith be convicted of murdering the Insured and revoked as beneficiary by operation of North Carolina law, the Insured's estate would be the beneficiary under the Spouse Rider.

17. Beginning on February 26, 2019, Primerica periodically informed Winfield Smith, as primary beneficiary, that it cannot complete its claim investigation until the investigation of the Insured's murder is completed.

18. Benjamin R. Warrick, the public administrator appointed by the North Carolina Superior Court for Sampson County, filed an Application to open the Insured's estate on February 22, 2021 in Sampson County, North Carolina.

19. Upon information and belief, the Insured died intestate.

20. The Application names Jazmine Robinson (daughter), Michale Marable, Sr. (son), Phillip C. Marable Jr. (son), Kenneth O. Draughon (son), Torrey D. Verdun (son), and Winfield Smith (husband) as persons entitled to share in the Insured's estate.

21. Because of the conflicts existing among the claims and potential claims of Winfield Smith, Michale Marable, Sr. and the Estate, payment of the Benefit cannot be made absent a court order or unanimous written direction from all potential claimants.

22. By virtue of the referenced conflicts and potential conflicts, Primerica is threatened with multiple litigations in multiple forums with possible inconsistent results and with the burden and expense of such litigations.

23. Primerica claims no interest in the Benefit, and is now and always has been ready, able, and willing to pay the Benefit to any person who may be lawfully entitled to receive it.

However, Primerica is unable to make payment safely to any claimant given the conflicting and mutually-exclusive claims to the Benefit.

24. Primerica stands ready to deposit the Benefit with the Court.

25. In addition to this Complaint, Primerica will file a motion to deposit the Benefit with the Court.

26. Primerica alleges further that it should not be compelled to become involved in any dispute among the Defendants.

WHEREFORE, Primerica prays for the following relief:

A. That the Court grant Primerica the authority to deposit into the registry of the Court the Benefit amount of $100,000;

B. That all Defendants, without any participation by Primerica whatsoever, be compelled to appear, settle, and adjust their demands for the Benefit among themselves, and/or provide evidence to the Court regarding their claims to the Benefit, and that the Court order the Clerk of Court to make payment to the Defendant to whom the Court determines the Benefit shall rightfully belong;

C. That Defendants, and each of them, their agents, attorneys, assignees, or anyone acting in concert with them, be enjoined and restrained temporarily and permanently from instituting, maintaining, or prosecuting any suit at law or equity, or any action or arbitration of any kind whatsoever, against Primerica and/or its agents with respect to the Policy, Spouse Rider, Benefit, or any matter related thereto;

D. That Primerica recover its costs and attorneys' fees incurred as a result of this action; and

E. That Primerica have such further relief as the Court may deem proper.

This 2nd day of March, 2021.

        s/Anthony T. Lathrop
        Anthony T. Lathrop
        N.C. State Bar No. 15941
        MOORE & VAN ALLEN PLLC
        100 North Tryon Street
        Suite 4700
        Charlotte, North Carolina 28202-4003
        (704) 331-1000
        tonylathrop@mvalaw.com

*Attorney for Primerica Life Insurance Company*